SHORTESS, Judge.
We granted a writ of certiorari in this case because of our concern that La.R.S. 56:330 was in direct conflict with Article I, § 11 of the Louisiana Constitution.
Joseph P. Chaisson (defendant) was charged on July 2, 1983, with violating La.R.S. 56:330 because at approximately 12:38 a.m. that same day in the Ninth Ward of Terrebonne Parish he unlawfully and intentionally had in his possession a .357 Smith and Wesson firearm while hunting frogs. Defendant filed a motion to quash, arguing that the statute under which he was charged was unconstitutional because it was in direct conflict with the Louisiana Constitution. The motion to quash was denied, and the matter proceeded to trial. At that time defendant withdrew his plea of “not guilty” and entered a plea of “nolo contendere,” specifically reserving his right to have an appellate court judicially review the denial of his motion to quash. State v. Crosby, 338 So.2d 584 (La.1976). He was found guilty and fined $75.00 plus court costs. Payment of the fine was suspended for thirty days after appellate review was final.
We granted defendant’s application for writs and ordered the record transmitted to us on or before the 1st day of June, 1984, and the City Court of Houma and the State of Louisiana were ordered to show cause why the relief sought by defendant should not be granted. Respondents have not responded in any fashion to our order.
The statute under which defendant was charged and convicted, La.R.S. 56:330, provides as follows:
Frogs may be taken with the aid of a jacklight or any other visible light and by means of mechanical devices known as frog catchers. A person is also permitted to take frogs with device's that puncture the skin such as gigs and spears. No person shall carry or have in his possession any shotgun, rifle, or firearm while taking or hunting frogs during the nighttime. A person may take any species of small frogs known variously as greenfrogs, grassfrogs, leo-pardfrogs, springfrogs, etc., for scientific, educational, or for propagating purposes regardless of size, but not for food or sale.
(Underlining added.)
Defendant argues that the underlined portion of this statute purports to charge an offense which is in direct conflict with Article I, § 11 of the Louisiana Constitution, which provides as follows:
The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.
Defendant’s argument has merit, and we find that said statute does indeed conflict with our Constitution and is unconstitutional. The prohibition against simple possession of a firearm while frogging bears no rational relationship to any legitimate State interest in protecting its natural resources. Had the statute prohibited the use of a firearm, then perhaps a different case would be presented because a valid exercise of the State’s police power might be to protect its natural resources from destruction by persons using firearms.
Neither do we find the challenged provision to be a manifestation of a State intent to protect frog hunters from themselves or other froggers. The prohibition is lodged in the statute between two provisions *1259 which prescribe the accepted method of taking frogs and the types of frogs and purposes for which they may be taken. We must conclude that the firearm provision, following as it does on the heels of the “gigs and spears” provision, was intended by the Legislature only to prevent the presence of firearms which might be used for the taking of frogs. The firearm provision we face is too broad to constitutionally accomplish this purpose, and nowhere in the statute do we find an indication that it is meant to protect human life.
We also note that Article 1, § 11 of the 1974 Louisiana Constitution differs from Article 1, § 8 of our 1922 Constitution and the Second Amendment of the U.S. Constitution relative to the right to keep and bear arms. Both of these constitutions speak of the right to keep and bear arms to support the militia. Our present Constitution, however, which in its preamble strengthens rights of individual citizens, makes no reference to a militia. It protects the right of each citizen to keep and bear arms, setting out that right in absolute terms, subject only to the proviso that the Legislature maintains the authority to prohibit and regulate firearms concealed on a person. This case presents a clear illustration of the reasoning behind the broad constitutional provision. A nighttime hunter in pursuit of frogs could be attacked by poisonous snakes, alligators or other predators and needs to protect himself.
DECREE
For the foregoing reasons, the judgment of the trial court denying defendant’s motion to quash is reversed. Defendant’s conviction and fine are vacated, annulled and set aside.
REVERSED.